Joseph E. Richards, Esq., SBN 279922
Email: jr@jr.law
**Law Office of Joseph Richards, P.C.**
P.O. Box 2314
Orange, CA 92859
Tel: (888)883-6588
Fax: (833)562-2667

Craig C. Marchiando (SBN 283829)
craig@clalegal.com
**CONSUMER LITIGATION ASSOCIATES, P.C.**
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (757) 930-3660
Fax: (757) 257-3450

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Eastern Division**

| | |
|---|---|
| **LAURA TORRES VEGA**, *on behalf of herself and similarly situated individuals*,<br><br>Plaintiff,<br><br>vs.<br><br>**BEVERLY RADIOLOGY MEDICAL GROUP, INC.; and CONTINENTAL CREDIT CONTROL,**<br><br>Defendants. | Case No.: 5:26-cv-3252<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.* |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Laura Torres Vega ("Plaintiff"), on behalf of herself and similarly situated individuals, by and through her undersigned counsel, and alleges the following class action against Defendants Beverly Radiology Medical Group, Inc. ("Beverly Radiology") and Continental Credit Control ("CCC") (collectively, "Defendants"):

## PRELIMINARY STATEMENT

1. This is a Class Action Complaint for actual, statutory, and punitive damages, as well as attorney fees and costs, related to violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, which protect consumers from abusive debt collection practices.

2. Laura Torres Vega was injured at work on December 24, 2024. Since her date of injury, medical providers and medical bill collectors, the Defendants, have been contacting her regarding her work-related medical bills and attempting to collect payments that Defendants are not entitled to under federal and state law.

3. The workers' compensation system in California is designed to relieve the injured worker from the financial responsibility of medical treatment for work-related injuries. California Labor Code Section 3751(b) prohibits a physician or health care provider from collecting payment directly from the injured worker for any services covered under the workers' compensation system.

4. When a worker is injured on the job, their employer's workers' compensation insurance is responsible for covering the cost of all reasonable and necessary medical treatment. This ensures that the financial burden is not shifted onto the injured worker. It is illegal for a physician or medical facility to bill a worker if they know the injury is or may be work-related. California Labor Code § 3751(b). Medical providers treating workers for work-related injuries under California's workers' compensation system are generally prohibited from requesting payment directly from the worker. *Barri v. Workers' Comp. Appeals Bd.*, 28 Cal.App.5th 428 (2018). If a medical provider inappropriately requests payment from a worker, they are in violation of the Labor Code.

5. Plaintiff asserts class action claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788

*et seq.* for their unlawful attempts to collect debts from Plaintiff and the putative Class Members.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same case or controversy.

7. This Court has personal jurisdiction over Defendants because Defendants transact business in this District, are organized under or authorized to do business under the laws of the State of California, and directed the unlawful conduct described in this Complaint at Plaintiff in this District.

8. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2), as Beverly Radiology is a resident of this judicial district, and this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, including the transmission and receipt of the debt collection communications alleged herein.

**PARTIES**

9. Plaintiff Laura Torres Vega is a natural person who at all times relevant to this Complaint resided in Apple Valley, San Bernardino County, California.

10. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3), a "person" as that term is defined in Cal. Civ. Code § 1788.2(g), and a "debtor" as that term is defined in Cal. Civ. Code § 1788.2(h).

11. The medical charges that Defendants attempted to collect from Plaintiff constitute a "debt" as that term is defined in 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d), and a "consumer debt" as that term is defined in Cal. Civ. Code § 1788.2(f) in that they are alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services that are the subject of the transaction were primarily for personal, family, or household purposes.

12. Defendant Beverly Radiology Medical Group, Inc. ("Beverly Radiology") is a California corporation with its principal place of business in California, doing business throughout California, including in San Bernardino County, through its facility known as Victor Valley Advanced Imaging located in Apple Valley, California.

13. Defendant Continental Credit Control ("CCC") is a California debt collection agency with its principal place of business in California.

14. Each Defendant is a "debt collector" as that term is defined in Cal. Civ. Code § 1788.2(c). Each Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

15. Defendant CCC is also a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) in that CCC uses the instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendants acted at all relevant times through their officers, agents, employees, and representatives, and used the instrumentalities of interstate commerce, including the United States Postal Service and telephone lines, to attempt to collect the debt that is the subject of this action.

## STATEMENT OF FACTS

17. On or about December 27, 2024, Plaintiff suffered an on-the-job injury in the State of California while employed as a Meat Department Assistant for Super Center Concepts, Inc., d/b/a Superior Groceries.

18. Plaintiff's injury required medical treatment, and on January 9, 2025, within the first ninety (90) days following the injury, Plaintiff received diagnostic imaging services (MRI of the left lower extremity joint) at Victor Valley Advanced Imaging in Apple Valley, California.

19. Victor Valley Advanced Imaging is operated by, and the services provided to Plaintiff were billed by, Defendant Beverly Radiology.

20. At the time she presented for treatment, Plaintiff was wearing her work uniform and identified herself to medical personnel as an employee of Super Center Concepts, Inc., d/b/a Superior Groceries who was injured on the job.

21. Beverly Radiology therefore knew, or in the exercise of reasonable diligence should have known, at the time it rendered the services, that Plaintiff's injuries were the result of a workplace accident and that the resulting medical charges were the responsibility of Plaintiff's employer and/or its workers' compensation carrier, not Plaintiff.

22. Under California law, including Labor Code §§ 3751 and 4600, a medical provider that has rendered services for an industrial injury may not directly or indirectly seek payment from the injured employee.

23. Notwithstanding the foregoing, on or about May 13, 2025, Beverly Radiology mailed to Plaintiff a billing statement marked "FINAL NOTICE" demanding payment of $50.00, representing the asserted patient-responsibility balance for the January 9, 2025 services.

24. The May 13, 2025 statement warned Plaintiff that, if Beverly Radiology did not hear from her within thirty (30) days, her account "may" be placed with a collection agency.

25. Upon information and belief, Beverly Radiology has a pattern and practice of illegally attempting to collect medical debts, resulting from workplace injuries, from California patients.

26. Beverly Radiology thereafter placed, or caused to be placed, Plaintiff's account with Defendant CCC for collection.

27. On or about June 16, 2025, CCC sent Plaintiff an initial written communication, purportedly on behalf of "Victor Valley Advanced Imaging,"

claiming that Plaintiff owed a balance of $51.33 (consisting of $50.00 in principal plus $1.33 in interest), bearing CCC reference number 1841199.

28. The June 16, 2025 letter from CCC included the statutory disclosures required under 15 U.S.C. § 1692g and identified CCC as a debt collector attempting to collect a debt.

29. On July 2, 2025, Plaintiff's employer, through its workers' compensation administrator Athens Administrators, formally accepted liability for Plaintiff's December 27, 2024 work-related injury to her left knee.

30. By operation of law, all charges for medical treatment and services rendered in connection with Plaintiff's workplace injury — including the January 9, 2025 services billed by Beverly Radiology and the resulting account placed with CCC — are not the legal responsibility of Plaintiff.

31. Notwithstanding the foregoing, on or about July 29, 2025, CCC mailed Plaintiff a second written collection communication demanding payment of $51.92, again bearing CCC reference number 1841199 and PIN 82096.

32. The July 29, 2025 letter from CCC stated, in substance and in Spanish, that CCC had previously written to Plaintiff regarding the alleged debt; that CCC believed its position had been made clear and could not understand why Plaintiff had not paid; that Plaintiff "must pay this obligation without further delay"; and that further delay would compel CCC to take immediate action to protect the interests of the original creditor.

33. Upon information and belief, CCC has a pattern and practice of illegally attempting to collect medical debts, resulting from workplace injuries, from California patients.

34. At the time CCC mailed the June 16, 2025 and July 29, 2025 letters, Defendants knew, or in the exercise of reasonable diligence should have known, that Plaintiff was not legally responsible for the alleged debt because it arose out of a compensable workplace injury.

35. Defendants nonetheless represented to Plaintiff that she owed the alleged debt, demanded immediate payment, threatened further collection action, and continued to assess interest on a balance that Plaintiff did not owe.

36. Defendants had in their possession all information necessary to properly direct billing for Plaintiff's treatment to her employer and/or its workers' compensation carrier. Despite this, Defendants directed billing and collection communications to Plaintiff in an attempt to collect a debt for which Plaintiff is not legally responsible.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages, including, without limitation: emotional and mental pain and distress; loss of time and resources expended in attempting to understand, dispute, and stop the unlawful collection attempts; and worry and concern that she might somehow be responsible for medical charges arising from her workplace injury.

***Plaintiff Suffered Actual Harm***

38. As a result of Defendants' attempts to unlawfully collect the debt, Plaintiff has suffered damages, including, but not limited to:

a. Loss of time attempting to correct the inaccuracies;

b. Stress associated with attempting to resolve this matter;

c. Loss of privacy;

d. Harm to reputation; and

e. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

***Defendant's Violations were Willful***

39. At all times relevant to this Complaint, Defendants knew, or in the exercise of reasonable diligence should have known, that Plaintiff's injury arose out of and in the course of her employment with Super Center Concepts, Inc., d/b/a Superior Groceries, and that under California law, including Labor Code §§ 3751

and 4600, the medical charges arising from that injury were not the legal responsibility of Plaintiff.

40. Plaintiff presented for treatment on January 9, 2025, wearing her work uniform and identified herself to medical personnel as an employee of Super Center Concepts, Inc., d/b/a Superior Groceries who had been injured on the job. Defendant Beverly Radiology therefore had actual or constructive knowledge at the time it rendered the services that Plaintiff's injury was work-related.

41. Defendants had in their possession all information necessary to properly direct billing for Plaintiff's treatment to her employer and/or its workers' compensation carrier, including Athens Administrators. Despite this, Defendants directed billing and collection communications to Plaintiff personally.

42. After Plaintiff's employer formally accepted workers' compensation liability for the December 27, 2024 injury on July 2, 2025, Defendant Continental Credit Control continued its collection efforts against Plaintiff, mailing an additional dunning letter on July 29, 2025 that demanded immediate payment and threatened further action — even though Plaintiff's non-liability for the underlying charges had, by then, been confirmed.

43. Defendants' continued collection activity in the face of facts demonstrating that Plaintiff did not owe the alleged debt was not the product of mistake, accident, or bona fide error. Defendants did not maintain procedures reasonably adapted to avoid the violations alleged herein, and are not entitled to the bona fide error defense set forth in 15 U.S.C. § 1692k(c) or Cal. Civ. Code § 1788.30(e).

44. Defendants' acts and omissions were committed willfully and knowingly within the meaning of Cal. Civ. Code § 1788.30(b), and were undertaken intentionally and with the purpose of coercing Plaintiff into paying a debt for which she is not legally responsible.

45. Defendants acted with reckless disregard for Plaintiff's rights and the rights of similarly situated individuals. Defendants' actions demonstrate a pattern or practice of failing to comply with the requirements of the FDCPA and the RFDCPA.

## <u>CAUSES OF ACTION</u>

## <u>COUNT I</u>

### Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

***Against CCC***

46. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a Class (the "FDCPA Class") initially defined as:

> All California residents, who, in the year preceding the filing of this lawsuit, were the subject of an attempt to collect a medical debt by CCC, when that medical debt was incurred as a result of a workplace injury.
>
> Excluded from the Class are all persons who have signed a written release of their claim, and/or are counsel in this case, or employed by the Federal Judiciary.

48. **<u>Numerosity</u>. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the Class Members are so numerous that joinder of all is impractical. The names and addresses of the Class Members are identifiable through the internal business records maintained by CCC, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

49. **<u>Predominance of Common Questions of Law and Fact</u>. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all Members of the putative Class, and there are no factual or legal issues that differ between the putative Class Members. These questions predominate over the questions affecting only individual Class Members. The principal issues include: (1) whether CCC is a

debt collector; (2) whether CCC violated the FDCPA by attempting to collect medical debts resulting from workplace injuries; and (3) the appropriate amount of statutory damages given the frequency and persistence of CCC's violations of § 1692, the nature of CCC's violations, and the extent that CCC's violations were intentional.

50. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative Class Member. In addition, Plaintiff is entitled to relief under the same causes of action as the other Members of the putative Class. All claims are based on the same facts and legal theories.

51. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative Class because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in such litigation; Plaintiff intends to continue to prosecute the action vigorously; Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Members of the Class; and Plaintiff and Plaintiff's counsel have no interest that might cause them to not vigorously pursue this action.

52. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for Members of the Class individually to effectively redress the wrongs done to them. Even if the Members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by CCC's conduct. By

contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

53. Defendant CCC violated the FDCPA, including but not limited to as follows:

i. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and the putative Class Members in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

ii. Using false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

iii. Falsely representing the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

iv. Representing or implying that nonpayment of the alleged debt would result in the taking of action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

v. Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

vi. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

vii. Attempting to collect an amount (including principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

54. Defendant CCC's conduct was willful and intentional, intended to coerce Plaintiff into paying a debt she does not owe.

55. Discovery will further show that CCC's conduct is a part of a broader practice of frequent and persistent noncompliance with the FDCPA.

56. Plaintiff and the putative Class Members suffered actual damages as a result of CCC's violations of 15 U.S.C. § 1692.

57. Based on CCC's noncompliance with the FDCPA, Plaintiff seeks, individually and on behalf of the Class, actual damages, statutory damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

***Against All Defendants***

56. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for her and on behalf of a Class (the "Rosenthal Class") initially defined as:

> All California residents, who, in the year preceding the filing of this lawsuit, were the subject of an attempt to collect a medical debt by either Defendant, when that medical debt was incurred as a result of a workplace injury.
>
> Excluded from the Class are all persons who have signed a written release of their claim, and/or are counsel in this case, or employed by the Federal Judiciary.

58. **<u>Numerosity</u>. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the Class Members are so numerous that joinder of all is impractical. The names and addresses of the Class Members are identifiable through the internal business records maintained by Defendants, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

59. **<u>Predominance of Common Questions of Law and Fact</u>. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all Members of the putative Class, and there are no factual or legal issues that differ between the putative Class Members. These questions predominate over the questions affecting only individual Class Members. The principal issues include: (1) whether

Defendants are debt collectors; (2) whether Defendants violated the RFDCPA by attempting to collect medical debts resulting from workplace injuries; and (3) the appropriate amount of statutory damages given the frequency and persistence of Defendants' violations of the RFDCPA, the nature of Defendants' violations, and the extent that Defendants' violations were intentional.

60. **__Typicality__. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative Class Member. In addition, Plaintiff is entitled to relief under the same causes of action as the other Members of the putative Class. All claims are based on the same facts and legal theories.

61. **__Adequacy of Representation__. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative Class because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in such litigation; Plaintiff intends to continue to prosecute the action vigorously; Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Members of the Class; and Plaintiff and Plaintiff's counsel have no interest that might cause them to not vigorously pursue this action.

62. **__Superiority__. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for Members of the Class individually to effectively redress the wrongs done to them. Even if the Members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct.

By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

63. Under Cal. Civ. Code § 1788.17, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

64. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692d) when they willfully and knowingly engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff and the putative Class Members in connection with the collection of a debt Plaintiff and the putative Class Members did not owe.

65. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692e) when they willfully and knowingly used false, deceptive, or misleading representations or means in connection with the collection of a debt, including but not limited to wrongfully asserting that Plaintiff and the putative Class Members owed the medical charges.

66. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692e(2)(A)) when they willfully and knowingly misrepresented the character, amount, or legal status of the alleged debt(s) by representing that Plaintiff and the putative Class Members owed debts that they did not.

67. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692e(10)) when they willfully and knowingly used false representations and deceptive means in an attempt to collect debts Plaintiff and the putative Class Members did not owe.

68. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692f) when they willfully and knowingly used unfair or unconscionable means to collect or attempt to collect debts that Defendants knew, or in the exercise

of reasonable diligence should have known, Plaintiff and the putative Class Members did not owe.

69. Defendants violated Cal. Civ. Code § 1788.17 (by incorporation of 15 U.S.C. § 1692f(1)) when they willfully and knowingly attempted to collect amounts (including the principal and interest charges) from Plaintiff and the putative Class Members not expressly authorized by the agreement creating the debt or permitted by law.

70. Defendants further violated the RFDCPA, including Cal. Civ. Code §§ 1788.10(f) by threatening to take actions against Plaintiff and the putative Class Members that are prohibited by the RFDCPA.

71. Defendants have demonstrated a pattern or practice of failing to comply with their obligations under the RFDCPA, and the acts described above were committed willfully and knowingly within the meaning of Cal. Civ. Code § 1788.30(b).

72. Discovery will further show that Defendants' conduct is a part of a broader practice of frequent and persistent noncompliance with the RFDCPA.

73. Plaintiffs and the putative Class Members suffered actual damages as a result of Defendants' violations of 15 U.S.C. § 1692.

74. Based on Defendants' noncompliance with the RFDCPA, Plaintiff seeks, individually and on behalf of the Class, actual damages, statutory damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1692k.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Certification for this matter to proceed as a class action;

B. Actual, statutory, and punitive damages as pleaded herein;

C. Injunctive relief as pleaded herein;

D. Attorneys' fees, litigation expenses, and costs of suit; and

E. Such other or further relief as the Court deems proper.

DATED this 11th day of June, 2026.

Respectfully Submitted,

**LAURA TORRES VEGA,** *on behalf of herself and similarly situated individuals,*

By: **/s/ Craig C. Marchiando**

Craig C. Marchiando (SBN 283829)
craig@clalegal.com
**CONSUMER LITIGATION ASSOCIATES, P.C.**
One Embarcadero Center Suite 1200
San Francisco, CA 94111
Tel: (757) 930-3660
Fax: (757) 257-3450

Joseph E. Richards, Esq., SBN 279922
Email: jr@jr.law
**Law Office of Joseph Richards, P.C.**
P.O. Box 2314
Orange, CA 92859
Tel: (888)883-6588
Fax: (833)562-2667

*Attorneys for Plaintiff*